IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA ARTEAGA, MARIA GUADALUPE DE RINCÓN, TERESA RODRIGUEZ, AND JOSE RUIZ, *PLAINTIFFS* <br><br> v. <br><br> AQUA FINANCE, INC, GREENSKY LLC, TRUIST BANK FKA SUNTRUST BANK, CONNEXUS CREDIT UNION, APOLLOTEK INTERNATIONAL INC., AND SPACEWATER SYSTEMS, LLC *DEFENDANTS* | § § § § § § § § § § § §   CASE NO. 1:20-CV-00026 |

## PLAINTIFFS' MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs respectfully submit this Motion in Limine, prior to the commencement of the trial of this cause, and request that counsel for Defendants, and through such counsel any and all witnesses, be instructed by order of this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first obtaining a ruling from the Court outside the presence and hearing of the jury, and that Defendants be precluded from referring to or questioning Plaintiffs or any other witnesses about:

1. Settlement negotiations between the parties in this cause;

2. Documentary evidence that Defendant did not produce or disclose in discovery;

3. Plaintiffs' financial adversity and eligibility for free legal services;

4. Other litigation brought by counsel for Plaintiffs against Defendants;

5. Plaintiffs' use of an interpreter in relation to their credibility; and

6.  Plaintiffs' Motion in Limine.

In support thereof, Plaintiffs would respectfully show the Court as follows:

### I. SETTLEMENT NEGOTIATIONS BETWEEN THE PARTIES IN THIS CAUSE

Plaintiffs have moved this Court for an order precluding Defendants from referring to or questioning Plaintiffs or any other witnesses about settlement negotiations between Plaintiffs and Defendant or any previous party to this suit. Evidence of settlement negotiations in inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3rd Cir. 1995). It would therefore be improper for Defendants to make reference to any proposed or finalized settlement negotiations as the jury may treat is as evidence and require a motion for mistrial.

### II. DOCUMENTARY EVIDENCE THAT DEFENDANTS DID NOT PRODUCE OR DISCLOSE IN DISCOVERY

Plaintiffs move this Court for an order precluding Defendants from introducing any evidence, making a reference to any document that Defendant did not produce in discovery. Defendant should not be permitted to present any witness or documentary evidence that it did not name in its disclosures, answers to interrogatories or any evidence it did not produce in response to any discovery.

### III. PLAINTIFFS' FINANCIAL ADVERSITY AND ELIGIBILITY FOR FREE LEGAL SERVICES

Plaintiffs move this Court for an order precluding Defendants from introducing any evidence, statement or argument regarding Plaintiffs' financial adversity and financial eligibility for representation by Texas RioGrande Legal Aid, which is a recipient of federal funding to provide legal services to the poor. The question of Plaintiffs' eligibility for legal aid non-

justiciable. *See* 42 US.C. § 2996e(b)(1)(B). Further, whether Plaintiffs qualify to receive legal aid has no bearing on whether their rights were violated under the Truth in Lending Act, Deceptive Trade Practices Act, Home Solicitation Sales Act, or common law claims of fraud and negligent misrepresentation. Therefore, because evidence regarding Plaintiffs' eligibility for legal aid has no tendency to prove any fact of consequence in this lawsuit, *see* Fed. R. Evid. 401, it is irrelevant and must be excluded, *see* Fed. R. Evid. 402. Even if it were relevant, the probative value is substantially outweighed by the danger of unfair prejudice and confusion. Fed. R. Evid. 403.

### IV.     OTHER LITIGATION BROUGHT BY COUNSEL FOR PLAINTIFFS AGAINST DEFENDANTS

Plaintiffs move this Court for an order precluding Defendants from making any reference, statement, or introducing any evidence of other litigation brought by counsel for Plaintiffs against Defendants. Counsel for Plaintiffs represent other unrelated parties against the Defendants in this cause in separate litigation not before this Court. The claims of other unrelated parties have no bearing on the merits of the claims of Plaintiffs in this cause. Therefore, because evidence regarding other litigation brought by Texas RioGrande Legal Aid, Inc. has no tendency to prove any fact of consequence in this lawsuit, *see* Fed. R. Evid. 401, it is irrelevant and must be excluded, *see* Fed. R. Evid. 402. Even if it were relevant, the probative value is substantially outweighed by the danger of unfair prejudice and confusion. Fed. R. Evid. 403.

### V.     PLAINTIFFS' USE OF AN INTERPRETER IN RELATION TO THEIR CREDIBILITY

Plaintiffs move this Court for an order precluding Defendants from introducing any evidence, statement, or argument before the jury that Plaintiffs' need for an interpreter would have a bearing on their credibility. Plaintiffs' use of an interpreter to provide testimony is not relevant

to the credibility of their testimony and would not be proper impeachment evidence. Even if it were relevant, the probative value is substantially outweighed by the danger of unfair prejudice and confusion. Fed. R. Evid. 403.

## VI. PLAINTIFFS' MOTION IN LIMINE

Plaintiffs have moved this Court for an order precluding Defendants from referring to or questioning Plaintiffs or any other witnesses about this Motion; that the Court has made any ruling on this Motion; that the Defendants have witnesses, evidence, or other information or proof that they are not being allowed to put before the jury; or that the Plaintiffs in any way have wrongfully or improperly moved to prohibit proof. Any such reference is prejudicial in that it could suggest that Plaintiffs have acted improperly by seeking to prohibit proof. Moreover, referring to the Court's exclusion of a certain matter may be an indirect reference to the matter itself, violating the Court's order.

## VII. CONCLUSION

Wherefore, premises considered, Plaintiffs respectfully pray that their motion in limine be granted in its entirety; that the Court grant the protection of relief sought by appropriate order binding on all counsel, parties, witnesses, and persons appearing, preventing them from discussing the matters herein in the presence of the jury, and that it grant such other and further relief to which Plaintiffs show themselves entitled.

Respectfully submitted,
TEXAS RIOGRANDE LEGAL AID

Amy E. Clark
State of Texas Bar Number: 24043761
4920 N. IH-35
Austin, Texas 78752
Phone: 512-374-2782
aclark@trla.org

> Eva D. Sikes
> State of Texas Bar Number: 24105351
> 1206 E. Van Buren Street
> Brownsville, Texas 78520
> Phone: 956-982-5540
> esikes@trla.org
>
> *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been transmitted on this day to all counsel of record via Court's electronic case-filing system on July 13, 2021:

Sean Fleming
sfleming@macdonalddevin.com
Macdonald Devin Ziegler Madden Kenefick & Harris, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014
*Attorney for Defendant GreenSky LLC and Defendant Truist bank fka SunTrust Bank*

James Nathan Overstreet
overstreetlawfirm@gmail.com
J. Nathan Overstreet & Assoc., P.C.
8711 Highway 6 North, Suite #230
Houston, Texas 77095
*Attorney for Defendant SpaceWater Systems LLC*

SIGNED:  July 13, 2021

> _/s/ Eva Sikes_
> Eva Sikes